Per Curiam.

Petitioner’s primary contention is that his arrest was illegal and void and thus his conviction was void.
However, even if the arrest were illegal it would not affect the petitioner’s subsequent conviction under a plea of guilty. There is no question of illegally obtained evidence raised in the present case. The validity of an accused’s conviction is dependent upon a valid indictment and trial thereon, and illegality in relation to his arrest cannot be raised in a habeas corpus proceeding after conviction. Brown v. Maxwell, Warden, 174 Ohio St., 29.
Next, petitioner argues that his plea of guilty was void because it was not in writing. There is nothing in the statutes or the common law which requires a plea of guilty to an indictment to be in writing. See Section 2943.04, Revised Code.
Petitioner’s final contention relates to the validity of his indictment. He makes various objections and claims discrepancies between the original indictment and copies which he has obtained.
A photocopy of the original indictment upon which petitioner was tried was introduced into evidence, and an examination thereof shows that none of petitioner’s claims are well taken.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.